| STATE OF MICHIGAN THIRD JUDICIAL CIRCUIT WAYNE COUNTY | SUMMONS | CASE NO. 19-014705-NI Hon. Dana Margaret Hathaway |
|---|---|---|
| Court address: 2 Woodward Ave., Detroit MI 48226 | | Court telephone no.: 313-224-2444 |

| Plaintiff's name(s), address(es), and telephone no(s) DAVIS by his next friend Anthony White, SEAN | v | Defendant's name(s), address(es), and telephone no(s). TARGET CORPORATION |
|---|---|---|

Plaintiff's attorney, bar no., address, and telephone no

Christopher R. Baratta 51293
120 Market St
Mount Clemens, MI 48043-5674

**Instructions:** Check the items below that apply to you and provide any required information. Submit this form to the court clerk along with your complaint and, if necessary, a case inventory addendum (form MC 21). The summons section will be completed by the court clerk.

**Domestic Relations Case**
☐ There are no pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.
☐ There is one or more pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint. I have separately filed a completed confidential case inventory (form MC 21) listing those cases.
☐ It is unknown if there are pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

**Civil Case**
☐ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035
☐ MDHHS and a contracted health plan may have a right to recover expenses in this case. I certify that notice and a copy of the complaint will be provided to MDHHS and (if applicable) the contracted health plan in accordance with MCL 400.106(4).
☒ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.
☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has

been previously filed in ☐ this court, ☐ _____ Court,
where it was given case number _____ and assigned to Judge _____.
The action ☐ remains ☐ is no longer pending.

Summons section completed by court clerk.   **SUMMONS**

**NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:
1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons and a copy of the complaint to **file a written answer with the court** and serve a copy on the other party **or take other lawful action with the court** (28 days if you were served by mail or you were served outside this state).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.
4. If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

| Issue date 11/4/2019 | Expiration date* 2/3/2020 | Court clerk Deborah Bynum |
|---|---|---|

Cathy M. Garrett- Wayne County Clerk.

*This summons is invalid unless served on or before its expiration date. This document must be sealed by the seal of the court.

MC 01 (9/19)   SUMMONS   MCR 1.109(D), MCR 2.102(B), MCR 2.103, MCR 2.104, MCR 2.105




Case No.: 19-014705-NI

## PROOF OF SERVICE

TO PROCESS SERVER: You are to serve the summons and complaint not later than 91 days from the date of filing or the date of expiration on the order for second summons. You must make and file your return with the court clerk. If you are unable to complete service you must return this original and all copies to the court clerk.

### CERTIFICATE / AFFIDAVIT OF SERVICE / NONSERVICE

☐ **OFFICER CERTIFICATE** OR ☐ **AFFIDAVIT OF PROCESS SERVER**

I certify that I am a sheriff, deputy sheriff, bailiff, appointed court officer, or attorney for a party (MCR 2.104[A][2]), and that: (notarization not required)

Being first duly sworn, I state that I am a legally competent adult, and I am not a party or an officer of a corporate party (MCR 2.103[A]), and that: (notarization required)

☐ I served personally a copy of the summons and complaint.

☐ I served by registered or certified mail (copy of return receipt attached) a copy of the summons and complaint, together with _____
List all documents served with the Summons and Complaint

_____ on the defendant(s):

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
|  |  |  |
|  |  |  |

☐ I have personally attempted to serve the summons and complaint, together with any attachments, on the following defendant(s) and have been unable to complete service.

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
|  |  |  |
|  |  |  |

I declare under the penalties of perjury that this proof of service has been examined by me and that its contents are true to the best of my information, knowledge, and belief.

| Service fee $ | Miles traveled $ | Fee $ | | Signature |
|---|---|---|---|---|
| Incorrect address fee $ | Miles traveled $ | Fee $ | Total fee $ | Name (type or print) |

Title

Subscribed and sworn to before me on _____, _____ County, Michigan.
Date

My commission expires: _____ Signature: _____
Date   Deputy court clerk/Notary public

Notary public, State of Michigan, County of _____

### ACKNOWLEDGMENT OF SERVICE

I acknowledge that I have received service of the summons and complaint, together with _____
Attachments

_____ on _____
Day, date, time

_____ on behalf of _____

Signature

## STATE OF MICHIGAN
## IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

SEAN DAVIS, a Minor, by
his Next Friend ANTHONY WHITE,

    Plaintiff,

-vs-                                                    Case No. 2019-      NI
                                                         Hon.

TARGET CORPORATION,
a foreign corporation,

    Defendant.
_____/

Christopher R. Baratta (P51293)
BARATTA & BARATTA, P.C.
120 Market Street
Mt. Clemens, MI 48043
586.469.1111
chris@barattalegal.com
Attorneys for Plaintiff
_____/

There is no other pending or resolved civil action
arising out of the transaction or occurrence alleged in this Complaint.

/s/Christopher R. Baratta
Christopher R. Baratta (P51293)

## PLAINTIFF'S COMPLAINT AND JURY DEMAND

NOW COMES Plaintiff, SEAN DAVIS, a Minor, by his Next Friend ANTHONY WHITE, by and through his attorneys, BARATTA & BARATTA, P.C., and for his Complaint against Defendant, TARGET CORPORATION, states as follows:

## COMMON COUNTS

1.    Plaintiff, SEAN DAVIS is a minor residing in the County of Wayne, State of Michigan.

2.    Plaintiff's Next Friend, ANTHONY WHITE, is a resident of the County of Wayne, State of Michigan.

3.    Defendant, TARGET CORPORATION is a foreign corporation which does business in the County of Wayne, State of Michigan.

4.    The resident agent for defendant, TARGET CORPORATION, is The Corporation Company, located at 40600 Ann Arbor Road, Suite 201, Plymouth, MI 48170.

5.    That the amount in controversy exclusive of interest costs and/or attorney fees is in excess of $25,000.00 and this matter is otherwise within the jurisdiction of this Court.

6.    On or about June 25, 2019, at approximately 9:15 p.m., minor plaintiff, SEAN DAVIS, was an invitee at defendant's premises, located at 15901 Ford Rd., City of Dearborn, County of Wayne, State of Michigan, when he sustained injury to his person.

7.    On said date and time, minor plaintiff was walking in or around the paper department on defendant's premises when he slipped on an accumulation of water that could not be seen or appreciated, as it was not readily apparent upon casual inspection.

8.    At all pertinent times herein, plaintiff fell causing him to sustain severe and permanent injuries more fully set forth below.

9.    Prior to falling, plaintiff did not anticipate or observe the accumulation of water that was present in defendant's aisleway.

10.   That your defendant herein knew or should have known of the aforementioned hazardous conditions that existed prior to plaintiff's slip and fall.

11.   That your defendant herein failed to take reasonable measures to prevent this accident from occurring when it was foreseeable that by taking no action, an incident like the plaintiff's, would, in fact, occur.

12. As a result of his injuries sustained in this incident, plaintiff has sustained pain, suffering weakness and disability, has required medical aid and attention for his injuries.

13. Plaintiff has incurred permanent affects and residuals from his injuries, sustained as a result of defendant's negligence and will continue to incur future medical treatment, costs, and expenses.

WHEREFORE, plaintiff prays that this Honorable Court enter a judgment in an amount in excess of Twenty-Five Thousand ($25,000.00) Dollars that the trier of fact may find fair and just, together with costs interest and attorney fees.

## COUNT I PREMISES LIABILITY

14. Plaintiff hereby incorporates paragraphs 1 through 13 as if fully set forth herein.

15. That defendant, TARGET CORPORATION, as owners and possessors of said property had a nondelegable duty to the general public and to plaintiff in particular as an invitee to maintain said premises in a reasonably safe condition, and to:

   a. Exercise reasonable care and prudence to render the premises safe for invitees;
   b. Expect that a person invited on its premises would not discover or realize the danger of the aforesaid inadequate condition of the premises or would fail to protect themselves against it;
   c. Remove hazardous conditions in a reasonably prudent manner;
   d. Maintain the premises in a safe condition;
   e. To take reasonable care to know the actual condition of its premises and in the exercise of reasonable care, either remedy, remove, or correct any unsafe or dangerous condition(s), or adequately warn the invitee of the presence of a dangerous condition(s) on the premises;
   f. Exercise reasonable care to diminish the hazards on said premises and to take reasonable and appropriate measures in light of the circumstances, then and there existing.

3

16. Defendant breached its duties owed to the plaintiff in the following, but not limited to manner:

   a. Failing to exercise reasonable care and prudence to render the premises safe for business invitees;
   b. Failed to warn invitees of the dangerous and hazardous condition of the premises and failing to remedy the dangerous conditions about the premises, when it was economically feasible to do so;
   c. Failing to remove hazardous conditions in a reasonably prudent manner;
   d. Failing to maintain the premises in a safe condition;
   e. Failing to remove, correct or prevent the existence of said dangerous condition when it was known, or through the exercise of reasonable care should have been known, that said condition would cause a person to fall and be injured;
   f. Failing to take reasonable care to know the actual condition of its premises and in the exercise of reasonable care, either remedy, remove, or correct the condition, or adequately warn the invitee of the presence of a dangerous condition(s) on the premises;

17. One or more of the defendant's negligent acts or omissions was a legal and proximate cause of plaintiff's injuries.

18. That as a direct and proximate result of the defendant's negligent acts and omissions, including those alleged herein, plaintiff, VALERIE MAHALKO, fell causing serious injury to herself, sustaining the following, but not limited to damages in the past, present and future:

   a. Right Slipped Capital Femoral Epiphysis (SCFE) and/or a Salter-Harris Type I Fracture with closed percutaneous pinning, open reduction right hip;
   b. Left subacute SCFE with percutaneous pinning, left hip;
   c. Denial of social pleasures and the inability to enjoy the normal functions of life;
   d. Physical pain and suffering, weakness and disability;
   e. Medical expenses;

4

  f. Mental anguish, embarrassment, humiliation and mortification;

  g. Emotional trauma, fright and shock;

  h. All other damages permitted by law or that may become known throughout the pendency of this action.

WHEREFORE, plaintiff prays that this Honorable Court enter a judgment in an amount in excess of Twenty-Five Thousand ($25,000.00) Dollars that the trier of fact may find fair and just, together with costs interest and attorney fees.

## JURY DEMAND

NOW COMES Plaintiff, SEAN DAVIS, a Minor, by his Next Friend ANTHONY WHITE, by and through his attorneys, BARATTA & BARATTA, P.C., and hereby demands a trial by jury of the above-captioned cause.

           BARATTA & BARATTA, P.C.
           Attorneys for Plaintiff

      By: /s/Christopher R. Baratta
         Christopher R. Baratta (P51293)
         120 Market Street
         Mt. Clemens, MI 48043
         (586) 469-1111

Dated: November 4, 2019